UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GLENN R. HARTLEY,<br><br>Plaintiff,<br><br>v.<br><br>CAROLYN W. COLVIN, Acting Commissioner of Social Security,<br><br>Defendant. | No. 2:13-cv-01863-AC<br><br><br>ORDER |

This matter is before the undersigned pursuant to Local Rule 302(15). Plaintiff filed a complaint on January 22, 2014, seeking judicial review of a final decision of the Commissioner of Social Security ("Commissioner") denying his application for disability insurance benefits ("DIB") under Title II of the Social Security Act and supplemental security income ("SSI") under Title XVI of the Act. ECF No. 1. On June 4, 2014, plaintiff filed a motion for summary judgment. ECF No. 14. The Commissioner then filed a cross-motion for summary judgment on June 23, 2014. ECF No. 16. On November 12, 2014, the court denied plaintiff's motion for summary judgment and granted the Commissioner's cross-motion for summary judgment. ECF No. 18.

On December 4, 2014, plaintiff filed a motion for reconsideration based on a recent addition to the SSA's Program Operations Manual System ("POMS"). ECF No. 20 at 3–4. Plaintiff argues that this change in the law requires the reconsideration of summary judgment in

favor of the Commissioner.  Id.  In light of plaintiff's motion, the court directed the Commissioner to file an opposition.  ECF No. 21.  The court also directed plaintiff to file a subsequent reply to that opposition.  Id.  On December 9, 2014, the Commissioner filed an opposition, arguing that (1) a change in POMS is not a change in intervening law for the purposes of a motion for reconsideration; (2) the POMS section at issue is not retroactive; and (3) application of the POMS section at issue would not have resulted in a different result in this matter.  ECF No. 22 at 3.  On December 18, 2014, plaintiff filed a reply, arguing that (1) POMS is entitled to a level of deference that makes it law for the purposes of a motion for reconsideration; (2) changes in POMS are retroactive; and (3) application of the POMS at issue here would mandate a different result in this case.  ECF No. 23 at 2–3, 8–9, 9–10.

## DISCUSSION

The court finds that a change in POMS does not constitute a change in law under Federal Rule 59(e), and accordingly denies plaintiff's motion for reconsideration.  "Reconsideration of an order granting summary judgment pursuant to a 59(e) motion requires new evidence, a change in the law, or a clearly erroneous decision."  Lopes v. Astrue, 277 F. App'x 757, 761 (9th Cir. 2008). Plaintiff argues that POMS DI 25015.017, which was effective on October 6, 2014, constitutes a change in the law requiring the reconsideration of the disposition of this matter.  ECF No. 20 at 3–4, 9–12.  POMS DI 25015.017 provides detailed guidance to Social Security Administration employees on how to make a finding on the transferability of skills.  POMS DI 25015.017(D), available at https://secure.ssa.gov/poms.NSF/lnx/0425015017.  Plaintiff argues that the court would have granted his motion for summary judgment had it considered this regulation.  ECF No. 20 at 4–9.

The problem with plaintiff's argument is that POMS is not a "law" for the purposes of motions for reconsideration.  The Ninth Circuit has said the following regarding the legal effect of POMS:

> POMS may be "entitled to respect" under Skidmore v. Swift & Co., 323 U.S. 134, 65 S. Ct. 161, 89 L. Ed. 124 (1944), to the extent it provides a persuasive interpretation of an ambiguous regulation, see Christensen v. Harris Cnty., 529 U.S. 576, 587–88, 120 S. Ct. 1655,

> 146 L. Ed. 2d 621 (2000), but it "does not impose judicially enforceable duties on either this court or the ALJ." <u>Lockwood v. Comm'r Soc. Sec. Admin.</u>, 616 F.3d 1068, 1073 (9th Cir. 2010) (citing <u>Lowry v. Barnhart</u>, 329 F.3d 1019, 1023 (9th Cir. 2003)) (holding that ALJ was not required to explain decision to use claimant's actual age for purposes of determining whether claimant could work, where regulation only required ALJ to consider using older age category); see also <u>Moore v. Apfel</u>, 216 F.3d 864, 868–69 (9th Cir. 2000) (declining to review allegations of noncompliance with internal agency manual because such a manual "does not carry the force and effect of law.").

<u>Carillo-Yeras v. Astrue</u>, 671 F.3d 731, 735 (9th Cir. 2011). In light of this authority, the court finds that POMS DI 25015.017 does not constitute an intervening change in the law. Accordingly, the court declines to reach the Commissioner's remaining arguments regarding the retroactivity of POMS and the effect of POMS DI 25015.017 had it been applied in this matter. Plaintiff does not argue, much less establish, that reconsideration is appropriate because of either (1) the discovery of new evidence; or (2) a clearly erroneous decision.

In accordance with the foregoing, THE COURT HEREBY ORDERS that plaintiff's motion for reconsideration, ECF No. 20, is DENIED.

DATED: March 4, 2015

/s/ Allison Claire
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE